IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

US BANK NATIONAL ASSOCIATION,
as Trustee for the Holders of Bear Stearns
Alt-A Trust 2006-3, Mortgage Pass-Through
Certificates, Series 2006-3,

                Plaintiff,

      v.

ZANDY BUTLER, CHARITY M.
BUTLER, and ALL OCCUPANTS
OF ADDRESS: 10387 SOUTHEAST
CRESCENT RIDGE DRIVE,
PORTLAND, OREGON, 97266

                Defendants.

3:12-cv-0314-AC

FINDINGS AND RECOMMENDATION

---

ACOSTA, Magistrate Judge:

      Acting as Trustee, U.S. National Bank Association ("U.S. Bank") filed an Eviction Complaint in the Circuit Court of the State of Oregon for the County of Clackamas, pursuant to OR. REV. STAT. § 86.755(6)(c). U.S. Bank seeks to recover possession of real property, located in

1 – FINDINGS AND RECOMMENDATION

Portland, Oregon, from Zandy and Charity Butler and all other occupants of the named premises. U.S. Bank made no request for damages for each day defendants continue possession of the property.

Miles Julison, who is not specifically named in the action, filed a Notice of Removal to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Julison alleges he is an unnamed occupant of the residence, the removal is timely, and the district court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

## *Legal Standard*

The removal statute, 28 U.S.C. § 1441, allows defendants to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1441(a), (b); *see also* 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568,

*2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

The court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c). If the court determines it definitely lacks subject matter jurisdiction, the court must remand an action *sua sponte*. *See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction.").

*Discussion*

In his Notice of Removal, Julison contends the requirements of diversity jurisdiction, 28 U.S.C. § 1332(a), are satisfied.[1] Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions between parties of completely diverse citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, *i.e.*, all plaintiffs must have citizenship different than all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996). Further, the "amount in

---

[1] Julison does not argue federal question as an alternative basis for jurisdiction in this court. Nor is such jurisdiction present in this case. The exhibits attached to the removal notice establish the state court action is simply an eviction and, in fact, is titled as such. This court has no jurisdiction over unlawful detainer actions, which are strictly within the province of state courts. *See JP Morgan Chase Bank v. Worthen*, No. CV 06-1060-PK, 2007 WL 489276, at *2 (D.Or. Feb. 8, 2007) (eviction action is "plainly a state-law claim").

3 – FINDINGS AND RECOMMENDATION

controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

The face of the Eviction Complaint shows U.S. Bank with a Washington address and the real property at issue located in Oregon. In the Notice of Removal, Julison states "[d]efendants are citizens of Washington .... [and] are also in possession of the subject property." (Notice of Removal 2.) Thus it appears both parties are residents of Washington. *See Burke v. Ortmayer*, No. CV. 04-1610-HU, 2004 WL 2966915, at * 2 (D. Or. Dec. 20, 2004) (no complete diversity among the parties when face of the state court Complaint shows plaintiff and defendant with Oregon addresses).

Even if complete diversity exists between the parties, the amount in controversy does not exceed $75,000 at the time of removal. In fact, Julison concedes there is no amount in controversy alleged in the Eviction Complaint. Nevertheless, he attempts to create the requisite jurisdictional amount by concluding the amount in controversy:

> is the value of possession of a residential dwelling, which can be calculated as the sum total of rental payments for a comparable property from [] the time of the "foreclosure sale" until the end of the economic life of the asset, discounted at an appropriate discount rate to arrive at the "present value."

(Notice of Removal 3.) Such a conclusory and self-serving statement in the Notice of Removal cannot satisfy the requirement that jurisdiction be ascertained from the face of the Complaint. *See Caterpillar Inc.*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, U.S. Bank seeks only possession of the property and has made no request for damages. In an

action such as this, only the right to possession is implicated, and damages are limited to those incidental to the unlawful detention of the named property. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan 21, 2011). Julison's removal of this action is simply an attempt to forestall the state court eviction process.

*Conclusion*

Based on the foregoing, this court lacks subject matter jurisdiction over the Eviction Complaint. Accordingly, U.S. Bank's Eviction Complaint should be REMANDED to the Circuit Court of the State of Oregon for the County of Clackamas. All pending motions should be DENIED as moot.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **March 13th, 2012**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 24th day of February, 2012

JOHN V. ACOSTA
United States District Judge

5 – FINDINGS AND RECOMMENDATION