*Cox & Associates, LLC*
Brian D. Cox OSB No. 90240
142 West 8th Avenue
Eugene, Oregon 97401
Telephone: (541) 683-7151
Facsimile: (541) 485-7742
bcox@coxassociates.info

Of Attorneys for Plaintiff US National Association, as Trustee for the Holders of Bear Stearns Alt-A Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3

## UNITED STATES DISTRICT COURT

## DISTRICT COURT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| US NATIONAL ASSOCIATION, as Trustee for the Holders of Bear Stearns Alt-A Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3<br><br>Plaintiffs,<br><br>vs.<br><br>ZANDY BUTLER, CHARITY M. BUTLER, and ALL OCCUPANTS OF ADDRESS: 10387 10387 SOUTHEAST CRESCENT DRIVE, PORTLAND, OREGON, 97266<br><br>Defendants. | No. 3:12-CV-00314-AC<br><br>**RESPONSE TO DEFENDANTS' OBJECTION TO [4] FINDINGS & RECOMMENDATIONS**<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Plaintiff responds to *Defendant's Objection To (4) Findings & Recommendations* as follows:

Defendants object to the Court's finding that "[T]he face of the Eviction Complaint shows U.S. Bank with a Washington address and the real property at issue located in Oregon."In the *Notice of Removal*, defendant Julison asserts "[d]efendants are citizens of Washington . . [and] are also in possession of the subject real property [located in Clackamas County, Oregon] (Notice of Removal 2). In support of this objection, Defendants maintain: "[t]he Clackamas County Circuit Court Eviction Complaint lists the Plaintiff as "U.S. Bank National Association, as Trustee for the Holders of Bear Stearns Alt-A Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3." The address is listed as care of ["c/o"] 13555 SE 36th St., Suite 300, Bellevue, Washington 98006, which is also the address of Janaya L. Carter, the Plaintiff's counsel of record. Clearly the Complaint doesn't list the Bellevue

address as the address of U.S. Bank, but only that it may be reached in care of its attorney's Washington mailing address.

Plaintiff concurs that U.S. Bank National Association has its headquarters in Minneapolis, Minnesota. *Mireles, et al. v. Wells Fargo Bank N.A., et al*, Case No. CV 11-07720 [January 11, 2012, U.S. District Court Central District of California] is the most recent case thoroughly discussing the legal standard governing the citizenship of National Banking Associations for diversity purposes. That court stated: "In the absence of guidance from either the Supreme Court or the Ninth Circuit, district courts in the circuit have reached conflicting conclusions regarding the citizenship of national banks." After discussing the split of authority within the Ninth Circuit, the *Mireles* court concluded that the more persuasive analysis is that the citizenship of a national bank is that of the state in which its headquarters are located - in the instant case - Minnesota.

However, even if the Court takes judicial notice of the citizenship of the Plaintiff as being in Minnesota, this "well pleaded" State Court Eviction Complaint is an action for possession of the subject premises only, and Defendants have wholly failed to meet the $75,000.00 jurisdictional requirement for diversity jurisdiction.

The Court's finding that defendant Julison "attempts to create" the requisite jurisdictional amount as conclusory and self-serving, and cannot satisfy the requirement that jurisdiction be ascertained from the face of the Eviction Complaint is on point and absolutely correct. The State Court Eviction Complaint complies with the requirements of *ORS 86.755(6)(c)* that: "[i]f the property purchased at the trustee's sale includes a dwelling unit that is subject to *ORS Chapter 90* and an individual occupies the unit under a *bona fide* tenancy, the purchaser may obtain possession by following the procedures set forth in *ORS 105.105* to *105.168* and by using the complaint form provided in *ORS 105.124* or *105.126*: ..." That is exactly what occurred in the underlying State Court FED action. The specified statutory complaint forms do not have any provision or allegation seeking any monetary relief, only relief seeking possession of the premises, which is the only matter which may be determined in a summary FED proceeding.

Defendant asserts without benefit of any form of supporting authority that the Oregon Legislature lacks the authority to regulate forcible entry and detainer proceedings by statute, which it has done for

well over 100 years. In an attempt to advance their assertions, Defendants' attempt to 'boot-strap' themselves around the jurisdictional requirement by application of a self-defined implication, asserting that the amount in controversy is the infinite rental value of the premises - also made without benefit of any form of supporting authority. Defendants' arguments, assertions and assumptions remain unpersuasive.

As this Court noted in its *Findings and Recommendation*, damages are limited to those incidental to the unlawful detention of the named property. Assuming, *arguendo*, the underlying foreclosure proceeding is somehow fatally-flawed, the worst-case scenario is that the Plaintiff recommences foreclosure proceedings, and having cured the assumed flaw, regains possession of the property (assuming there is no other bidder at the trustee's sale) in approximately six months. The $610,000.00 consideration recited in the *Trustee's Deed* - which Defendants request the Court to take judicial notice of - represents the "credit bid" equal to the total amount owing to the Plaintiff at the trustee's sale. This may or may not reflect the fair market value of the property in question, particularly in light of the recent plunge in real estate values. In any event, it has absolutely nothing to do with the $75,000.00 jurisdictional limit, other than it gives this Court some rough bench-mark indication that the maximum "fair rental value" of this property would not exceed $6,100.00 monthly, which is 1% of the purported value of the property. If the Court wants to walk down this purely-speculative path, this would mean that the fair rental value of the property during the six month period necessary to "redo" a fatally-flawed trustee's sale would not exceed $36,600.00 - well below the $75,000.00 jurisdictional limit. Thus, even granting all of Defendants most favorable and optimistic presumptions, the jurisdictional limit still would not be reached.

Defendants' objections are wholly without merit.

Dated this 11th day of April, 2012.

/s/ Brian D. Cox
Brian D. Cox, OSB No. 90240    Of Attorneys for Plaintiff
142 West 8th Avenue
Eugene, Oregon 97401
Tel: (541) 683-7151 Fax: (541) 485-7742
E-mail: bcox@coxassociates.info

**Declaration of Service**

I hereby certify that on this date I electronically filed the foregoing *Response to Defendants' Objection to [4] Findings & Recommendations* with the Clerk of the Court using the *CM/ECF* system which will send notification of such filing to the following:

    Janaya L. Carter
    13555 SE 36th Street, Suite 300
    Bellevue, Washington 98006
    jcarter@rcolegal.com
    Of Attorneys for Plaintiff

and delivered the foregoing *Response to Defendants' Objection to [4] Findings & Recommendations* to each defendant by causing a true and complete copy to be placed in an envelope with postage prepaid and placed for delivery with the US Postal Service at Eugene, Oregon, addressed to:

    Zandy Butler
    10387 SE Crescent Ridge Drive
    Portland, Oregon 97266

    Charity M. Butler
    10387 SE Crescent Ridge Drive
    Portland, Oregon 97266

    Miles J. Julison
    10605 SE 240th Street
    Kent, Washington 98031

Dated this 11th day of April, 2012.

    /s/ *Brian D. Cox*
    Brian D. Cox, OSB No. 90240   Of Attorneys for Plaintiff
    142 West 8th Avenue
    Eugene, Oregon 97401
    Tel: (541) 683-7151 Fax: (541) 485-7742
    E-mail: bcox@coxassociates.info