IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


U.S. BANK NATIONAL ASSOCIATION,                3:12-CV-00314-AC
as Trustee for the Holders of
Bear Stearns Alt-A Trust 2006-3,                 ORDER
Mortgage Pass-Through Certificates,
Series 2006-3,

           Plaintiff,

v.

ZANDY BUTLER, CHARITY M. BUTLER,
and ALL OCCUPANTS OF ADDRESS:
10387 SOUTHEAST CRESCENT RIDGE
DRIVE, PORTLAND, OR, 97266

           Defendants.


JANAYA LEE CARTER
Round Crabtree Olsen, PS
13555 S.E. 36th Street, Ste 300
Bellevue, WA 98006
(425) 586-1991


1 – OPINION AND ORDER

**BRIAN COX**
142 West 8th Avenue
Eugene, OR 97401
(541) 683-7151

> Attorneys for Plaintiff

**MILES JULISON**
10605 S.E. 240th St.,
Kent, WA 98031
(503) 807-1447

> *Pro Se* Defendant Occupant

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (F&R) (#4) on February 24, 2012, in which he recommends the Court remand this matter to Clackamas County Circuit Court because the federal court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a).  Defendant Miles Julison, one of the alleged occupants of the premises that are subject to foreclosure in this action,[1] filed timely Objections.  The matter is now before the Court pursuant to 28 U.S.C. § 636(b)((1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's

---

[1] The Court mailed Defendants Zandy Butler and Charity M. Butler copies of Defendant Julison's Objections, and the mail was returned as "undeliverable."

2 - OPINION AND ORDER

report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561
F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328
F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## I.    Procedural Background.

Plaintiff U.S. Bank filed an Eviction Complaint in state
court to evict Defendants and all occupants of the premises
identified in the caption.

Defendant Julison, purporting to act with the consent and on
behalf of all Defendants, filed a Notice of Removal of the
Eviction Complaint.  Defendant Julison alleges he is an occupant
of the address identified in the Eviction Complaint and asserts
all Defendants consent to the removal of this action from state
court.  Defendant Julison contends removal is appropriate
pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship
and because the amount in controversy exceeds $75,000.

The Magistrate Judge addressed *sua sponte* whether the
federal court had subject-matter jurisdiction and noted
U.S. Bank identifies on the face of the Eviction Complaint that
its address is in Bellevue, Washington, which, in fact, is the
address of U.S. Bank's attorney of record in this case.  In their
Notice of Removal, Defendants state they are citizens of Kent,
Washington.  Accordingly, based solely on that information, the
Magistrate Judge concluded there was not the requisite diversity
of citizenship between the parties for purposes of establishing

federal jurisdiction under 28 U.S.C. § 1332(a)(1).  F&R at 4.

In addition, the Magistrate Judge also found any monetary amount sought as damages, *if pleaded*, would be only "incidental to the unlawful detention of the named property" and would "not exceed $75,000."  (Emphasis added).  F&R at 4-5.

## II.  Diversity Jurisdiction.

For purposes of diversity jurisdiction, a plaintiff's state of citizenship must be diverse from each defendant's state of citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1).

### A.  State of Citizenship.

The Magistrate Judge concluded U.S. Bank's state of citizenship and the state of citizenship of each Defendant was the same; *i.e.,* Washington State, thereby precluding subject-matter jurisdiction based on diversity of citizenship.  As noted, however, the address on the Eviction Complaint is the address of Plaintiff's counsel in the State of Washington, which is not determinative of diversity jurisdiction.

Defendants assert and Plaintiff concurs that Plaintiff's headquarters are located in Minnesota rather than Washington.  In *Wachovia Bank v. Schmidt* the Supreme Court held that, except for actions by the United States under 28 U.S.C. § 1348, "all national banking associations shall . . . be deemed citizens of the States in which they are respectively located."  546 U.S.

4 - OPINION AND ORDER

303, 307 (2006).  A national bank, however, is not a citizen of a

state for purposes of diversity jurisdiction solely because it

maintains a branch office in that state:

> Were we to hold, as the Court of
> Appeals did, that a national bank
> is additionally a citizen of every
> State in which it has established a
> branch, the access of a federally
> chartered bank to a federal forum
> would be drastically curtailed in
> comparison to the access afforded
> state banks and other state-
> incorporated entities.  Congress,
> we are satisfied, created no such
> anomaly.

*Id.* at 307.

On this record the Court concludes the Magistrate Judge

erred when he found Plaintiff and Defendants are citizens of

Washington State solely because Plaintiff's attorney or a branch

office of the bank is located in that state.  The Magistrate

Judge, therefore, also erred in concluding this Court lacks

subject-matter jurisdiction based on lack of diversity of

citizenship.

**B.   Amount in Controversy.**

In support of their removal petition, Defendants contend the

amount in controversy far exceeds $75,000 and, therefore, is

sufficient to meet the "amount in controversy" requirements

necessary for diversity jurisdiction.  Defendants argue the

property to be foreclosed has a reasonable value of $610,000 with

a fair rental value of 1% of that value, which amounts to $6,100

5 - OPINION AND ORDER

per month over a 13-month period.  Accordingly, Defendants

contend the amount at issue in this case is $79,300 ($6,100 x

13), which would exceed the jurisdictional prerequisite for

diversity jurisdiction.

Moreover, according to Defendants, even if the rental value

is discounted because of the decline in rental values in recent

years, a rental value that is decreased by 50% to $3,050 still

has a value in excess of $75,000 if it is calculated over a

period of 25 months.

The Magistrate Judge rejected this argument on the ground

that Plaintiff seeks repossession of the property in its

Complaint rather than damages.  Oregon statutes relating to

forcible entry and detainer (FED) proceedings prescribe the

procedure to be followed in the course of a foreclosure

proceeding that might impact the rights of individuals occupying

the premises pursuant to a *bona fide* tenancy.  There is not,

however, a provision for damages in Oregon's statutory FED scheme

flowing from a foreclosure proceeding.  Since Defendants, who

live on the premises, seek removal on the basis that this Court

has diversity jurisdiction over this matter, Defendants must now

establish that it has suffered damages in the amount of at least

$75,000 in order to satisfy the requirements of diversity

jurisdiction.  The Magistrate Judge, however, found the amount in

controversy now alleged by Defendants to support removal of this

6 - OPINION AND ORDER

action based on diversity jurisdiction was contrived for the sole

purpose of meeting the diversity jurisdiction requirements.  The

Court agrees.  Defendants do not cite any authority that would

support Defendants' right to the type of damages it now claims it

is entitled to in this case.


## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge

Acosta's Findings and Recommendation (#4) to the extent that

the Court lacks subject-matter jurisdiction under 28 U.S.C.

§ 1332(a)(1) because the amount in controversy does not exceed

$75,000.

Accordingly, this case is **REMANDED** to the Clackamas County

Circuit Court for the State of Oregon.

IT IS SO ORDERED.

DATED this 23rd day of May, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER